1  Elissa D. Miller (CA Bar No. 120029)
     emiller@sulmeyerlaw.com
2  Jason D. Balitzer (CA Bar No. 244537)
     jbalitzer@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
7  Attorneys for Sam S. Leslie, Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| | |
|---|---|
| 10  In re | Case No. 2:14-bk-16829-BR |
| 11  ADELINO RENATO DE SOUSA, | Adv. No. |
| 12  Debtor. | Chapter 7 |
| 13  —————————————————— | **COMPLAINT FOR:** |
| 14  SAM S. LESLIE, Chapter 7 Trustee, | **1) AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §§ 554, 548 AND 550;** |
| 15  Plaintiff, | |
| 16  vs. | **2) DECLARATORY RELIEF** |
| 17  GIANTI HARTANTO, | Date:    [Status Conference to be Set] |
| 18  Defendant. | Time: |
| 19 | Place:   Courtroom 1660 |
| 20 | 255 East Temple Street |
| | Los Angeles, CA 90012 |

21

22         For his "Complaint For Avoidance And Recovery Of Fraudulent Conveyances Pursuant To

23  11 U.S.C. §§ 544, 548 And 550" (the "<u>Complaint</u>"), plaintiff, Sam S. Leslie, the duly appointed,

24  qualified and acting Chapter 7 Trustee (the "<u>Trustee</u>" or "<u>Plaintiff</u>") for the estate of the debtor

25  Adelino Renato De Sousa (the "<u>Debtor</u>"), hereby alleges and avers as follows:

26              **STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS**

27         1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1)

28  and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue properly lies in

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising

2  in and/or related to the Debtor's chapter 7 case, styled In re Adelino Renato De Sousa, bearing

3  Bankruptcy Case No. 2:14-bk-16829 BR, currently pending in the Los Angeles Division of the

4  United States Bankruptcy Court for the Central District of California.

5       2.     On April 9, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for

6  relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the

7  "Bankruptcy Code").

8       3.     Thereafter, the Office of the United States Trustee appointed Plaintiff as Chapter 7

9  Trustee for the estate of the Debtor, and Plaintiff continues to serve and act in that capacity.

10  **STATEMENT OF JURISDICTION**

11       4.     Plaintiff brings this action solely in his capacity as Trustee for the benefit of the

12  Debtor's estate and its creditors.  To the extent that Plaintiff hereby asserts claims under 11 U.S.C.

13  § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in

14  this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that

15  are not allowable only under 11 U.S.C. § 502(e), who could have avoided the transfer or

16  obligation under California or other applicable law before the voluntary petition was filed.

17  **PARTIES**

18       5.     Plaintiff is the duly appointed Chapter 7 Trustee and was appointed after the filing

19  of the Debtor's chapter 7 case.  As a result, Plaintiff does not have personal knowledge of the facts

20  alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those

21  facts on information and belief.  Plaintiff reserves his right to amend this Complaint to allege

22  additional claims against Defendant and to challenge and recover the transfer made to or for the

23  benefit of Defendant in addition to the transfer alleged in this Complaint should Plaintiff later

24  learn of additional transfers.

25       6.     Plaintiff is informed and believes and thereon alleges that Defendant Gianti

26  Hartanto (the "Defendant") is an individual resident of the State of California and resides within

27  the jurisdiction of this Court.  At all relevant times, Defendant was a person for whose benefit the

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

2

1   recoverable transfer alleged in this Complaint was made; and/or an immediate or mediate

2   transferee of such recoverable transfer.

3       7.      Plaintiff is informed and believes and thereon alleges thereon that Defendant is

4   Debtor's former wife and, therefore, is an insider of the Debtor as that term is defined in 11 U.S.C.

5   § 101(31).

6               **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

7       8.      Plaintiff is informed and believes and thereon alleges that in or about early 1992

8   the Debtor and Defendant were married in California.

9       9.      Plaintiff is further informed and believes and thereon alleges that on or about July

10  10, 2002, the Debtor and Defendant jointly acquired that certain parcel of real property more

11  commonly known as 6949 Las Presa Drive, San Gabriel, California 91775, bearing Assessor's

12  Parcel No. 5376-018-029 (the "Property") with title held as Adelino Renato A. De Sousa and

13  Gianti Hartanto, Co-Trustees of the Hartanto De Sousa Living Trust dated November 6, 2001 (the

14  "Trust").  A true and correct copy of the Grant Deed recorded on July 10, 2002 as Document No.

15  021563164 is attached hereto as **Exhibit 1.**

16      10.     Thereafter, the Debtor and Defendant transferred title of the Property from the

17  Trust to Adelino Renato A. De Sousa and Gianti Hartanto, Husband and Wife as Joint Tenants by

18  Grant Deed recorded on July 14, 2011 as Document No. 20110943641.  A true and correct copy of

19  the July 14, 2011 Grant Deed is attached hereto as **Exhibit 2.**

20      11.     Plaintiff is informed and believes and thereon alleges that on or about August 6,

21  2011, Defendant filed a petition for dissolution of the parties' marriage in the Los Angeles

22  Superior Court, Case No. GD 047760 (the "Divorce Case").  Pursuant to documents filed in the

23  Divorce Case, the alleged date of separation is July 2, 2010.  Neither the Debtor nor Defendant

24  were represented by counsel in their divorce proceedings.

25      12.     Plaintiff is further informed and believes and thereon alleges that on or about

26  August 12, 2011, an accident (the "Accident") occurred which resulted in the filing of a lawsuit

27  against, among others, the Debtor on April 2, 2013 in the Los Angeles Superior Court, Case No.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  BC504595 and entitled <u>Dwight David Millsap vs. Freight Away Transport Inc., et al.</u> (the "<u>State

2  Court Action</u>") and that the Debtor was served with the Complaint shortly after the case was filed.

3      13.    On or about July 10, 2012, Debtor and Defendant stipulated to a Judgment in the

4  Divorce Case in which they consensually agreed to the dissolution of their marriage and the

5  division of their assets, all of which the parties acknowledged were community property including

6  the Property (the "<u>Divorce Judgment</u>").  A true and correct copy of the July 10, 2012 Divorce

7  Judgment is attached hereto as **Exhibit 3**.

8      14.    Pursuant to the Divorce Judgment, the parties divided the community property as

9  follows:

10          a.    Defendant was awarded 1) the Property; 2) Miscellaneous household items;

11  3) a 2007 Acura MDX; 4) a 2001 Toyota Camry; 5) 2 Chase Checking accounts; 6) a Met Life

12  Insurance Policy; 7) a 401k Nationwide Account; 8) 2 Chase Ira accounts; and 9) 2 College Fund

13  529 plans.

14          b.    The Debtor was awarded 1) a 2005 Honda Element; 2) a Met Life Insurance

15  Policy; and 3) a Chase Ira account.

16      15.    Plaintiff is informed and believes and thereon alleges that at the time the Property

17  was transferred pursuant to the Divorce Judgment, there was not less than $600,000 in equity in

18  the Property and that the total assets awarded to the Debtor were significantly less.

19      16.    Plaintiff is informed and believes and thereon alleges that following the entry of the

20  Divorce Judgment, the Debtor and Defendant refinanced the Property with Pacific Bay Lending in

21  the principal loan amount of $202, 000 which loan was secured by the Property pursuant to a deed

22  of trust recorded on September 20, 2012, Document No. 20121415521 (the "<u>2012 Deed of Trust</u>").

23  Pursuant to public records, Plaintiff is informed and believes that the amount of loan secured by

24  the 2012 Deed of Trust was $202,000.00.  A true and correct copy of the 2012 Deed of Trust is

25  attached hereto as **Exhibit 4.**  The 2012 Deed of Trust recites the names of the borrowers as the

26  Debtor and Defendant, Husband and Wife as Joint Tenants.

27

28

17. Plaintiff is informed and believes and thereon alleges that following the Accident but prior to June 19, 2013, the Debtor had notice that claims were being made as a result of the Accident.

18. Plaintiff is informed and believes and thereon alleges that by document recorded on June 19, 2013, Document No. 20130911498, Debtor transferred his interest in the property for no consideration to the Defendant. A true and correct copy of the June 19, 2013 Grant Deed is attached hereto as **Exhibit 5**. Plaintiff is further informed and believes and thereon alleges that on the same date, Defendant refinanced the property with Nationstar Mortgage LLC with a loan in the principal amount of 196,000.00, secured by a Deed of Trust recorded on June 19, 2013 as Document No. 20130911499.

19. Plaintiff is informed and believes and thereon alleges that by document recorded on June 13, 2014, Document No. 20140617013, Defendant sold the Property to Jane and Bowen P. Chang. A true and correct copy of the June 13, 2014 Grant Deed is attached hereto as **Exhibit 6**. Based on information set forth on the Los Angeles County Tax Assessor website for the Property, the Trustee is informed and believes that the sale price was $897,008.00.

20. Plaintiff is further informed and believes that Defendant netted, after costs of sale and payoff of existing liens, approximately $700,000 upon the sale of the property.

21. Plaintiff is informed and believes, and thereon alleges, that the equity in the Property at the time of the Divorce Judgment was not less than $600,000, but that the value of the assets retained by the Debtor was significantly less than the value of the equity in the Property without even considering the value of the other assets retained by the Defendant.

22. Plaintiff is informed and believes, and thereon alleges, that the Debtor did not receive fair consideration or reasonably equivalent value for the transfer of the Property to Defendant and that, as a result of the Transfer of the Property and the other assets pursuant to the Divorce Judgment, the Debtor was rendered insolvent (the "<u>Fraudulent Conveyance Transfer</u>").

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

**FIRST CLAIM FOR RELIEF**

**(Avoidance And Recovery Of Fraudulent Transfer**

**Pursuant To 11 U.S.C. §§ 554(b) And 550(a) And**

**California Civil Code § 3439.04(a) And 3439.07)**

23.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

24.     Plaintiff is informed and believes and thereon alleges that during the four-year period preceding the Petition Date, the Debtor made the Fraudulent Conveyance Transfer (the "4 Year Transfer") to or for the benefit of the Defendant.

25.     The 4 Year Transfer was made by the Debtor to or for the benefit of Defendant who did not provide the Debtor with reasonably equivalent value and/or did not take such transfer in good faith.

26.     At all relevant times, the 4 Year Transfer was voidable under California Civil Code §§ 3439.04(a) & 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the estate under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

27.     The Trustee is entitled to an order and judgment under 11 U.S.C. §§ 544(b) & 550(a) that the 4 Year Transfer be avoided.

**FIRST CLAIM FOR RELIEF**

**(Avoidance And Recovery of Fraudulent Transfer Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a), California Civil Code §§ 3439.04(b) Or 3439.05**

**And California Civil Code § 3439.07)**

28.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

1    29.    Plaintiff is informed and believes and thereon alleges that by virtue of the 4 Year

2    Transfer:  (i) the Debtor became insolvent as a result of such transfer; (ii) the Debtor was engaged

3    in or was about to engage in a business or a transaction for which his remaining assets were

4    unreasonably small in relation to the business or transaction; or (iii) the Debtor intended to incur,

5    or believed or  reasonably should have believed that he would incur, debts beyond his ability to

6    pay as they became due.

7    30.    At all relevant times, the 4 Year Transfer was voidable under California Civil Code

8    §§ 3439.04(b) or 3439.05 and California Civil Code § 3439.07 by one or more creditors who held

9    and hold unsecured claims against the Debtor that were and are allowable against the estate under

10    11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These

11    creditors include, without limitation, those creditors who are listed in the Debtor's schedules as

12    holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

13    31.    The Trustee is entitled to an order and judgment under 11 U.S.C. §§ 544(b) &

14    550(a) that the 4 Year Transfer be avoided.

### SECOND CLAIM FOR RELIEF

**(Avoidance And Recovery Of Fraudulent Transfer**

**Pursuant To 11 U.S.C. §§ 548(a)(1)(A) And 550(a))**

19    32.    Plaintiff realleges and incorporates herein by reference each and every allegation

20    contained in paragraphs 1 through 22 as though set forth in full.

21    33.    Plaintiff is informed and believes and thereon alleges thereon that during the two-

22    year period preceding the Petition Date, the Debtor made the Fraudulent Conveyance Transfer (the

23    "2 Year Transfer") for the benefit of the Defendant.

24    34.    The 2 Year Transfer was made by the Debtor with the actual intent to hinder, delay

25    or defraud his creditors.

26    35.    The 2 Year Transfer was made by the Debtor to or for the benefit of Defendant who

27    did not provide the Debtor with reasonably equivalent value and/or did not take such transfer in

28    good faith.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

36.     The Trustee is entitled to an order and judgment under 11 U.S.C. §§ 544(b) & 550(a) that the 2 Year Transfer be avoided.

### THIRD CLAIM FOR RELIEF

### (Avoidance And Recovery Of Fraudulent Transfer

### Pursuant To 11 U.S.C. §§ 548(a)(1)(B) And 550(a))

37.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

38.     Plaintiff is informed and believes, and thereon alleges that by virtue of the 2 Year Transfer:  (i) the Debtor became insolvent as a result of such transfer; (ii) the Debtor was engaged in or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or (iii) the Debtor intended to incur, or believed or  reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

### FOURTH CLAIM FOR RELIEF

### (Recovery Of Fraudulent Transfer Pursuant to 11 U.S.C. § 550(a))

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

40.     Plaintiff is informed and believes and thereon alleges that to the extent that Defendant is not the initial transferee of the Fraudulent Conveyance Transfer referred to in this Complaint, she is the immediate or mediate transferee of the initial transferee of such transfer.

41.     Plaintiff is informed and believes and thereon alleges that to the extent that Defendant is the immediate or mediate transferee of the initial transferee of the Fraudulent Transfer referred to in this Complaint, Defendant did not take such transfer for value and/or in good faith and/or without knowledge of the voidability of such transfer.

42.     The transfer referred to in this Complaint is recoverable from Defendant as an immediate or mediate transferee of the Fraudulent Conveyance Transfer that the Debtor made with

the actual intent to hinder, delay or defraud his creditors, including, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's Estate.

43.     To the extent the Fraudulent Conveyance Transfer referred to in this Complaint is avoided, Plaintiff may recover, for the benefit of the estate, the assets transferred, including but not limited to the Property or, if the court so orders, the value of the assets, including the Property.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief)

44.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

45.     Plaintiff is informed and believes and thereon alleges that consistent with the Debtor and Defendant's statements in the Divorce Judgment, the Property and other assets transferred to Defendant pursuant to the Divorce Judgment were the community property of the Debtor and Defendant regardless of how the parties held title and, as such, upon recovery, the entirety of all of the assets, including the Property, are property of the bankruptcy estate pursuant to 11 U.S.C. §541(a).

46.     Plaintiff is further informed and believes and thereon alleges that Defendant disputes the Trustee's position and instead contends that, if recovered, only the Debtor's joint tenancy interest in all of the assets, including the Property, would be property of the estate.

47.     Plaintiff is further informed and believes that the Divorce Judgment was a sham filing intended by the parties to shield the Debtor's assets from his creditors, in that the parties continued to live together after the divorce through the petition date, the parties incurred debt as husband and wife following the entry of the Divorce Judgment, and treated their assets and creditors as if the Divorce Case was never filed or the Divorce Judgment entered.

48.     Plaintiff is further informed and believes and thereon alleges that Defendant disputes these contentions and instead contends the parties engaged in a legitimate divorce and property division.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

49.    An actual dispute has arisen and now exists between Plaintiff, on the one hand, and Defendant on the other hand as to whether, if recovered, the assets, including the Property, are community property and therefore property of the estate or whether the estate is only entitled to a joint tenancy interest and also whether the Divorce Judgment was a sham transaction filed to shield the Debtor's property from his creditors.

50.    A judicial declaration as to the resolution of the issues will have a material impact on the administration of the estate and, therefore, is necessary and appropriate at this time.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a judgment that the 4 Year Transfer be avoided under 11 U.S.C. §§ 544(b) and 550(a);

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a judgment that the 2 Year Transfer be avoided under 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a judgment that the 2 Year Transfer be avoided under 11 U.S.C. §§ 548(a)(1)(B) and 550(a);

**ON THE FOURTH CLAIM FOR RELIEF**

4.    To the extent the Fraudulent Conveyance Transfer is avoided, for a judgment that Plaintiff may recover, for the benefit of the estate the assets transferred, including the Property or, if the court so orders, the value of such assets under 11 U.S.C. § 550(a);

**ON THE FIFTH CLAIM FOR RELIEF**

5.    For a Judgment declaring that the assets transferred to Defendant pursuant to the Divorce Judgment, including the Property, are the community property of the parties and therefore property of the bankruptcy case and that the Divorce Judgment is a sham transaction.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  **ON ALL CLAIMS FOR RELIEF**

2      6.    For interest as permitted by law from the date of the transfer;

3      7.    For costs of suit incurred herein, including, without limitation, attorney's fees; and

4      8.    For such other and further relief as the Court deems just and proper.

5

6  DATED:  December 23, 2014      **Sulmeyer**Kupetz
       A Professional Corporation

7

8

9      By:  /s/*Elissa D. Miller*

10     Elissa D. Miller
       Attorneys for Sam S. Leslie, Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1



LEAD SHEET

**02 1563164**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

JUL 10 2002 AT 8 A.M.

SPACE ABOVE THIS LINE FOR RECORDERS USE

**TITLE(S)**

Deed

**FEE**

D.T.T.

FEE $10  C
2

**CODE**
20

**CODE**
19

**CODE**
9___

NOTIFICATION SENT $4

Assessor's Identification Number (AIN)
To Be Completed By Examiner OR Title Company In Black Ink

5376 018 029

Number of Parcels Shown

001

**THIS FORM IS NOT TO BE DUPLICATED**

EXHIBIT 1 - 12

**SOUTHLAND TITLE**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
The Hartanto De Sousa Living Trust Dt 11/6/01
6949 La Presa Drive
San Gabriel, CA 91775

**02 1563164**

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: **5376-018-029**          Order No.: **12022476**          Escrow No.: **51845-B**

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $459.80
[ X ]  computed on full value of property conveyed, or
[   ]  computed on full value less value of liens or encumbrances remaining at time of sale,
[X]  unincorporated area; [   ] City of _San Gabriel_ , and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
**Linda L. Bauer, an Unmarried Woman**

hereby GRANT(S) to **Adelino Renato A. De Sousa and Gianti Hartanto, Co-Trustees of The Hartanto De Sousa Living Trust dated November 6, 2001**

the following described property in the County of **Los Angeles** State of California;

**See Exhibit "A" attached hereto and made a part hereof.**

_Linda L. Bauer_
Linda L. Bauer

Document Date: _June 20, 2002_

STATE OF CALIFORNIA                )SS
COUNTY OF __Los Angeles__          )
On __July 1, 2002__        before me,   Barbara L. Aitchison
personally appeared   Linda L. Bauer * * *
/personally known to me/ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _Barbara L. Aitchison_
Barbara L. Aitchison



BARBARA L. AITCHISON
Commission # 1353832
Notary Public - California
Los Angeles County
My Comm. Expires Apr 26, 2006

Mail Tax Statements to:   SAME AS ABOVE or Address Noted Below

_12022476_

EXHIBIT 1  -  13

ORDER NO. 12022476

*3*

**EXHIBIT "A"**

That portion of Lot(s)  63  of Tract No. 8785, in the County of Los Angeles, State of California, as per map recorded in Book 118 Page(s) 64 and 65 of Maps, in the office of the County Recorder of said County, together with that portion of the Southeast quarter of Section 36, Township 1 North Range 12 West San Bernardino Base and Meridian included within a strip of land marked "Right of Way 40 feet" on the map of Subdivision No. 3 of the Sunny Slopes Estate, recorded in Book 55 Page 33 et seq., of Miscellaneous Records, in the office of the County Recorder of said County, described as a whole as follows:

Beginning at the intersection of the Northerly line of the said land marked "Right of way 40 feet" being a curve concave Southerly having a radius of 2,885.00 feet, with the Northerly prolongation of the Westerly line of said Lot 63; thence Easterly along the said Northerly line, a distance of 41 feet more or less to the Southwesterly corner of Lot 28, Tract 9002 in the County of Los Angeles, State of California, as per map recorded in Book 127 Pages 58 and 59 of Maps, Records of said County, thence Southerly along the Southerly prolongation of the Westerly line of said Lot 28; a distance of 20 feet more or less to the center line of said marked "Right of Way 40 feet" thence Easterly along  said center line a distance of 51 feet, more or less to the Northerly prolongation of the Easterly line of said Lot 63; thence Southerly along the said last mentioned prolongation and along the said Easterly line, a distance of 53 feet thence Westerly parallel with the tangent portion of the Southerly line of said Lot 63, a distance of 92 feet, more or less to the said Westerly line of Lot 63 thence Northerly along the said Westerly line of Lot 63 and its prolongation a distance of 61 feet more or less to the point of beginning.

3

**02  1563164**

EXHIBIT 1  -  14

# EXHIBIT 2





**This page is part of your document - DO NOT DISCARD**

## 20110943641





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**07/14/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 31.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 31.00 |



**L E A D S H E E T**



201107140130001

00004391187



003394512

**SEQ:**
**27**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

*E464712*

T79

EXHIBIT 2  -   15

**RECORDING REQUESTED BY**

**MAIL TAX STATEMENT TO:**
ADELINO RENATO A. DESOUSA
6949 LA PRESA DRIVE
SAN GABRIEL, CA 91775

**Prepared By:**
ServiceLink
4000 Industrial Blvd.
Aliquippa, PA 15001


07/14/2011
*20110943641*

For Recorder's Use Only

## Grant Deed

THE UNDERSIGNED GRANTOR (S) DECLARE (S) "This conveyance transfers an interest into or out of a Living Trust, R & T 11930"

<u>__</u> DOCUMENTARY TRANSFER TAX: $ -0-
**X** FOR NO CONSIDERATION
<u>__</u> COMPUTED ON FULL VALUE of property conveyed, or
<u>__</u> COMPUTED ON FULL VALUE LESS VALUE OF LIENS AND ENCUMBRACES remaining at time of sale.
**X** LOS ANGELES COUNTY     **X** City of SAN GABRIEL

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

ADELINO RENATO A  DE SOUSA AND GIANTI HARTANTO, CO-TRUSTEES OF THE HARTANO DE SOUSA LIVING TRUST DATED 11/06/2001

Hereby grants to,

ADELINO RENATO A. DE SOUSA AND GIANTI HARTANTO, HUSBAND AND WIFE AS JOINT TENANTS

The following described real property in the County of LOS ANGELES, State of CA.

**See Exhibit A attached hereto and made a part hereof**

Tax ID Number # 5376-018-029

DATED:

ADELINO RENATO A  DE SOUSA, TRUSTEE

GIANTI HARTANTO, TRUSTEE

CA – Grant Deed (600001)                    Order No.

EXHIBIT 2  -  16

3

State of California )

County of Los Angeles

On July 1st, 2011 before me, Linda Chen , a Notary Public in and for said State, personally appeared, Adelino Renato A. De Sousa and Gianti Hartanto ,

who proved to me the basis of satisfactory evidence to be the person (s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her their authorized capacity (ies), and that by his/her/their signature (s) on the instrument the person (s), or the entity upon behalf of which the person (s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

LINDA CHEN
Commission # 1846892
Notary Public - California
Los Angeles County
My Comm Expires May 27, 2013

CA – Grant Deed (600001)                Order No:

EXHIBIT 2  -  17

4

**Exhibit "A"**
**Legal Description**

ALL THAT PARCEL OF LAND IN CITY OF SAN GABRIEL, LOS ANGELES COUNTY, STATE OF CALIFORNIA, AS MORE FULLY DESCRIBED IN DEED DOC # 2002-1563164, ID# 5376-018-029, BEING KNOWN AND DESIGNATED AS:

THAT PORTION OF LOT(S) 63 OF TRACT NO. 8785, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 118 PAGE(S) 64 AND 65 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, TOGETHER WITH THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 36, TOWNSHIP 1 NORTH RANGE 12 WEST SAN BERNARDINO BASE AND MERIDIAN INCLUDED WITHIN A STRIP OF LAND MARKED "RIGHT OF WAY 40 FEET" ON THE MAP OF SUBDIVISION NO. 3 OF THE SUNNY SLOPES ESTATE, RECORDED IN BOOK 55 PAGE 33 ET SEQ., OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHERLY LINE OF THE SAID LAND MARKED "RIGHT OF WAY 40 FEET" BEING A CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 2,885.00 FEET, WITH THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 63; THENCE EASTERLY ALONG THE SAID NORTHERLY LINE, A DISTANCE OF 41 FEET MORE OR LESS TO THE SOUTHWESTERLY CORNER OF LOT 28, TRACT 9002 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 127 PAGES 58 AND 59 OF MAPS, RECORDS OF SAID COUNTY, THENCE SOUTHERLY ALONG THE SOUTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 28; A DISTANCE OF 20 FEET MORE OR LESS TO THE CENTER LINE OF SAID MARKED "RIGHT OF WAY 40 FEET" THENCE EASTERLY ALONG SAID CENTER LINE A DISTANCE OF 51 FEET, MORE OR LESS TO THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF SAID LOT 63; THENCE SOUTHERLY ALONG THE SAID LAST MENTIONED PROLONGATION AND ALONG THE SAID EASTERLY LINE, A DISTANCE OF 53 FEET THENCE WESTERLY PARALLEL WITH THE TANGENT PORTION OF THE SOUTHERLY LINE OF SAID LOT 63, A DISTANCE OF 92 FEET, MORE OR LESS TO THE SAID WESTERLY LINE OF LOT 63 THENCE NORTHERLY ALONG THE SAID WESTERLY LINE OF LOT 63 AND ITS PROLONGATION A DISTANCE OF 61 FEET MORE OR LESS TO THE POINT OF BEGINNING.

Tax ID 5376-018-029

CA – Grant Deed (600001)                                    Order No:

EXHIBIT 2  -  18

# EXHIBIT 3

01/01/2012 00:03 FAX                                                      ☒002

COPY

FL-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gianti Hartanto
6949 La Presa Dr.
San Gabriel, CA 91775

TELEPHONE NO.: (626) 802-0346        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (name): Self-Represented

ORIGINAL FILED

JUL 10 2012

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: NORTHEAST DISTRICT

MARRIAGE OF
PETITIONER: Gianti Hartanto
RESPONDENT: Adelino Renato De Sousa

JUDGMENT

[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
    [ ] Status only
    [ ] Reserving jurisdiction over termination of
        marital or domestic partnership status
    [ ] Judgment on reserved issues
Date marital or domestic partnership status ends: JUL 10 2012

| CASE NUMBER: GD047760 |
|---|

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on (date):

2. This proceeding was heard as follows: [X] Default or uncontested    [X] By declaration under Family Code section 2336
   [ ] Contested
   a. Date: JUL 10 2012    Dept.:          Room:
   b. Judicial officer (name): R. CARLTON SEAVER          [ ] Temporary judge
   c. [ ] Petitioner present in court          [ ] Attorney present in court (name):
   d. [ ] Respondent present in court          [ ] Attorney present in court (name):
   e. [ ] Claimant present in court (name):    [ ] Attorney present in court (name):
   f. [ ] Other (specify name):

3. The court acquired jurisdiction of the respondent on (date): August 6, 2011
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
        status of single persons
        (1) [X] on (specify date): JUL 10 2012
        (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's    former name is restored to, (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
        Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
        court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
        of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
        Child Support Order (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

JUDGMENT
(Family Law)

Page 1 of 2
Family Code, §§ 2024, 2310,
2343, 2348
www.courtinfo.ca.gov

petsstipjudgnortheast0312

EXHIBIT 3  -  19

01/01/2012 00:03 FAX          ☑003

FL-180

| CASE NAME (Last name, first name of each party): Hartanto, Gianti Renato De Sousa, Adelino | CASE NUMBER: GD047760 |
| --- | --- |

**4.** *(Cont'd.)*

i. ☐ A settlement agreement between the parties is attached.

j. ☑ A written stipulation for judgment between the parties is attached.

k. ☐ The children of this marriage or domestic partnership.

    (1) ☐ The children of this marriage or domestic partnership are:

        Name                 Birthdate

    (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

l. ☐ Child custody and visitation are ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    (4) ☐ other *(specify):*

m. ☐ Child support is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

    (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    (4) ☐ other *(specify):*

n. ☒ Spousal or partner support is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☒ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    (3) ☐ other *(specify):*

    NOTICE: It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

o. ☒ Property division is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

    (3) ☒ other *(specify):* Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division Attachment

p. ☐ Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

**5.** Number of pages attached: _____

                                JUDICIAL OFFICER

                        ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]             **JUDGMENT**                     Page 2 of 2

(Family Law)

potsatipjudgnortheast0312

EXHIBIT 3  -  20

01/01/2012 00:03 FAX                                                              Ø004

|  |  | FL-343 |
|---|---|---|
| PETITIONER/PLAINTIFF: Gianti Hartanto | | |
| RESPONDENT/DEFENDANT: Adelino Renato De Sousa | CASE NUMBER: GD047760 | |
| OTHER PARENT: | | |

## SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT

TO ☐ *Findings and Order After Hearing* ☒ Judgment ☐ Other *(specify):*

**THE COURT FINDS**

1. A printout of a computer calculation of the parties' financial circumstances is attached for all required items not filled out below.

2. **Net Income.** The parties' monthly income and deductions are as follows *(complete a, b, or both ):*

| | Total gross monthly income | Total monthly deductions | Total hardship deductions | Net monthly disposable income |
|---|---|---|---|---|
| a. Petitioner: ☐ receiving TANF/CalWORKS | | | | |
| b. Respondent: ☐ receiving TANF/CalWORKS | | | | |

3. Other factors regarding spousal or partner support
   a. ☐ The parties were married for *(specify numbers):* _____ years _____ months.
   b. ☐ The parties were registered as domestic partners or the equivalent on *(date):*
   c. ☐ The Family Code section 4320 factors were considered, as listed in Attachment 3c.
   d. ☐ The marital standard of living was *(describe):*

   ☐ See Attachment 3d.

   e. ☐ Other *(specify):*

**THE COURT ORDERS**

4. a. The ☐ petitioner ☐ respondent   must pay to the ☐ petitioner ☐ respondent
   as ☐ temporary ☐ spousal support ☐ family support ☐ partner support
   $ _____ per month, beginning *(date):* _____, payable through *(specify and date):*

   ☐ payable on the *(specify):* _____ day of each month.
   ☐ Other *(specify):*

   b. ☐ Support must be paid by check, money order, or cash. The support payor's obligation to pay support will terminate on the death, remarriage, or registration of a new domestic partnership of the support payee.

   c. ☐ An earnings assignment for the foregoing support will issue. (Note: The payor of spousal, family, or partner support is responsible for the payment of support directly to the recipient until support payments are deducted from the payor's earnings, and for any support not paid by the assignment.)

   d. ☐ Service of the earnings assignment is stayed provided the payor is not more than *(specify number):* _____ days late in the payment of spousal, family, or partner support.

Form Approved for Optional Use
Judicial Council of California
FL-343 [Rev. January 1, 2005]

**SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT**
(Family Law)

Page 1 of 2
Family Code, §§ 150, 299, 3651,
3653, 3654, 4320, 4330, 4337
www.courtinfo.ca.gov

petsstipjudgnortheast0312

EXHIBIT 3  -  21

01/01/2012 00:03 FAX                                                                    @005

| PETITIONER/PLAINTIFF: Gianti Hartanto | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Adelino Renato De Sousa | GD047760 |
| OTHER PARENT: | |

5. [ ] The parties must promptly inform each other of any change of employment, including the employer's name, address, and telephone number.

6. [ ] NOTICE: It is the goal of this state that each party must make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating support.

7. [ ] This order is for family support. Both parties must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this order. The parents must notify the court of any change of information submitted within 10 days of the change by filing an updated form. Form FL-192, *Notice of Rights and Responsibilities and Information Sheet on Changing a Child Support Order*, is attached.

8. [ ] The issue of spousal or partner support for the [ ] petitioner [ ] respondent is reserved for a later determination.

9. [X] The court terminates jurisdiction over the issue of spousal or partner support for the [X] petitioner [X] respondent.

10. [X] Other *(specify):*
Both Parties are fully informed of their rights concerning Spousal Support and the fact that this is a long-term marriage. The parties request termination of the court's jurisdiction at this time without coercion or duress.

NOTICE: Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

*THIS IS A COURT ORDER*

FL-343 [Rev. January 1, 2005]    SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT    Page 2 of 2
(Family Law)

petsstipjudgnortheast0312

EXHIBIT 3  -  22

01/01/2012 00:04 FAX                                                           ☒006

| SHORT TITLE:                                  | Case Number: |
|-----------------------------------------------|--------------|
| Gianti Hartanto and Adelino Renato De Sousa   | GD047760     |

## COMMUNITY PROPERTY DIVISION

1

2  ☐  1. There are no community property assets.

3  ☒  2. The following community property is awarded to Petitioner as his/her sole and separate
4  property and Petitioner is ordered to appear on behalf of, defend and hold Respondent harmless
   from any debts thereon:

5  6949 LA PRESA DRIVE SAN GABRIEL CA 91775
   APN: 5376-013-029, LEGAL DESCRIPTION AS SET
6  FORTH AN EXIBIT "A" and all encumbrancing thereon
7  MISC. HOUSE HOLD ITEMS, 2007 ACCURA MDX LIC# 5XDA358
   2001 TOYOTA CAMRY LIC# 5MTV717, CHASE CHECK# 7673, CHAS
8  CHECK# 7462, continued on attachment A

9  ☐  3. The following community property is awarded to Respondent as his/her sole and
10 separate property and Respondent is ordered to appear on behalf of, defend and hold Petitioner
   harmless from any debts thereon:

11 2005 HONDA ELEMENT LIC# 5MTV717
   MET LIFE INSURANCE POLICY# 5278 UM
12 Chase IRA Acct. #5813 transferred from J.P.
13 Morgan Acct. 3024.

14 //

15 ☐  4. ☐ Petitioner  ☐ Respondent will be responsible for preparing and filing a Qualified
   Domestic Relations Order (QDRO) to divide the following plan or retirement account(s):
16 //
17 //
18 //

19 ☐  5. The fee for preparation of the QDRO shall be shared as follows:
   //
20 //

21 ☐  6. The court finds that the net value of the community estate is less than $5,000.00 and
22 that the Respondent cannot be found. Under Family Code Section 2604, the entire community
   estate is awarded to the Petitioner.

23

24  7. The court reserves jurisdiction to divide any community assets not listed here and
   enforce the terms of this order.

25 //

26 //                                                                              1

Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
Attachment

EXHIBIT 3  -  23

01/01/2012 00:04 FAX                                                          @ 007

| SHORT TITLE:<br>Gianti Hartanto and Adelino Renato De Sousa | Case Number:<br>GD047760 |
|---|---|

## COMMUNITY PROPERTY DEBTS

1

2 ☐  8. There are no community debts.

3 ✗  9. Petitioner will be responsible for the following debts:

4   _NYCB MORTGAGE COMPANY, LLC ACCT#.1717 _

5   _MORTGAGE ON PROPERTY LOCATED AT· 6919 LA PRESA_

6   _) AN GABRIEL, CA 91775_

7

8 ✗  10. Respondent will be responsible for the following debts:

  _WELLS FARGO DEALER SERVICES ACCT# 822785977_

9

10

11

12

  ☐  11. All community debts have been paid by_____ who is the ☐ Petitioner
13   ☐ Respondent. The payment plan is as follows:

14

15

16   12. The court reserves jurisdiction to divide any community debts not listed here.

17   Each spouse will be solely responsible for paying the debts assigned to him or her and
18 will hold the other harmless from those debts. The spouses understand that the creditors are not
  bound by this judgment. If a creditor seeks payment from the spouse who is not listed as
19 responsible for the debt, that spouse can file a motion to seek reimbursement from the defaulting
20 spouse.

21

22

23

24

25                                                                                    2

26   Marriage of Gianti Hartanto and Adelino Renato De Sousa– Property Division
Attachment

EXHIBIT 3  -  24

01/01/2012 00:04 FAX                                                    ☑008

| SHORT TITLE: Gianti Hartanto and Adelino Renato De Sousa | Case Number: GD047760 |
| --- | --- |

EQUALIZATION OF DIVISION OF PROPERTY AND DEBTS

1

2     ⅄    14. The court finds that there is no equalization payment owing from one party to the
3   other for the equalization of the division of the community property assets and debts.

4     ⅂    15. To equalize the division of the community property assets and debts the ⅂ Petitioner
5   ⅃ Respondent shall pay to the other party the sum of $_____ payable as follows:

6   //_____

7   //_____

8   //

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

3

Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
Attachment

EXHIBIT 3  -  25

01/01/2012 00:04 FAX ⌀009

| SHORT TITLE: | Case Number: |
|---|---|
| Gianti Hartanto and Adelino Renato De Sousa | GD047760 |

### SEPARATE PROPERTY ASSETS AND DEBTS

1

2   ⌐   16. There are no separate property assets and debts.

3   ☒   17. The court confirms the following assets and debts as the sole and separate property,

4   or sole responsibility, of the Petitioner:

PERSONAL ITEMS - JEWELRY ACQUIRED AS GIFTS

5   CHASE SAVING ACCT # 8352

CHASE MUTUAL FUND ACCT #              5469

6   CHASE IRA ACCT #         4113

CHASE ROTH IRA ACCT # 4650   CONTINUED on Attachment

7                                                                      B

8   ☒ All assets and debts acquired by Petitioner prior to the date of marriage, February 14, 1992 ,
after date of separation, July 2, 2010 , by gift or by inheritance.

9

☒ CHASE CARD ACCT # 9548

10   CAPITAL ONE ACCT # 6926

11   //

12   ☒   18. The court confirms the following assets and debts as the sole and separate property,
or sole responsibility, of the Respondent:

13   PERSONAL ITEMS + JEWELRY ACQUIRED AS GIFTS

LLC HONDA ELEMENT

14   FREIGHT AWAY TRANSPORT, LLC

CAPITAL ONE CREDIT CARD ACCT #              - LLC

15   1997 FREIGHTLINER TRUCK VIN #   1FUJA6CV43DK51362

16

☒ All assets and debts acquired by Respondent prior to the date of marriage, February 14, 1992 ,

17   after date of separation, July 2, 2010 , by gift or by inheritance.

18

19   //

20   //

21   //

22   //

23   //

24   //

25   //                                                                      4

26   //   Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
Attachment

27.

EXHIBIT 3  -  26

01/01/2012 00:04 FAX
@010

### Exhibit "A"
### Legal Description

ALL THAT PARCEL OF LAND IN CITY OF SAN GABRIEL, LOS ANGELES COUNTY, STATE OF CALIFORNIA, AS MORE FULLY DESCRIBED IN DEED DOC # 2002-1563164, ID# 5376-018-029, BEING KNOWN AND DESIGNATED AS:

THAT PORTION OF LOT(S) 63 OF TRACT NO. 8785, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 118 PAGE(S) 64 AND 65 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, TOGETHER WITH THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 36, TOWNSHIP 1 NORTH RANGE 12 WEST SAN BERNARDINO BASE AND MERIDIAN INCLUDED WITHIN A STRIP OF LAND MARKED "RIGHT OF WAY 40 FEET"ON THE MAP OF SUBDIVISION NO. 3 OF THE SUNNY SLOPES ESTATE, RECORDED IN BOOK 55 PAGE 33 ET SEQ., OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHERLY LINE OF THE SAID LAND MARKED "RIGHT OF WAY 40 FEET" BEING A CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 2,885.00 FEET, WITH THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 63; THENCE EASTERLY ALONG THE SAID NORTHERLY LINE, A DISTANCE OF 41 FEET MORE OR LESS TO THE SOUTHWESTERLY CORNER OF LOT 28, TRACT 9002 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 127 PAGES 58 AND 59 OF MAPS, RECORDS OF SAID COUNTY, THENCE SOUTHERLY ALONG THE SOUTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 28; A DISTANCE OF 20 FEET MORE OR LESS TO THE CENTER LINE OF SAID MARKED "RIGHT OF WAY 40 FEET" THENCE EASTERLY ALONG SAID CENTER LINE A DISTANCE OF 51 FEET, MORE OR LESS TO THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF SAID LOT 63; THENCE SOUTHERLY ALONG THE SAID LAST MENTIONED PROLONGATION AND ALONG THE SAID EASTERLY LINE, A DISTANCE OF 53 FEET THENCE WESTERLY PARALLEL WITH THE TANGENT PORTION OF THE SOUTHERLY LINE OF SAID LOT 63, A DISTANCE OF 92 FEET, MORE OR LESS TO THE SAID WESTERLY LINE OF LOT 63 THENCE NORTHERLY ALONG THE SAID WESTERLY LINE OF LOT 63 AND ITS PROLONGATION A DISTANCE OF 61 FEET MORE OR LESS TO THE POINT OF BEGINNING.

Tax ID: 5376-018-029

CA – Grant Deed (600001)

Order No:

EXHIBIT 3  -  27

01/01/2012 00:05 FAX                                                    @011

MC-025

| SHORT TITLE: Gianni Marbanto and Aldino Renato Rempuga | CASE NUMBER: GD 04 776 |
|---|---|

**ATTACHMENT (Number):** ___A___

(This Attachment may be used with any Judicial Council form.)

The court also confirms the following community property awarded to Petitioner.

LIFE INSURANCE:

MET LIFE POLICY # 7801. UH

RETIREMENT ACCT:

401 K NATIONWIDE OPTION # B    CONTRACT # 01-6181604

CHASE IRA ACCOUNT #                04113

Chase Ruth IRA Act # 5755 (Transferred from J.P. Morgan Act. # 3020

COLLEGE FUND 529 PLAN

EDWARD D & JONES ACCT # 1414

BLACK ROCK COLLEGE ADVANTAGE ACCT # 6338

//
//
//
//
//
//
//
//
//
//
//
//
//

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)

Page ___1___ of ___1___

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

EXHIBIT 3  -  28

01/01/2012 00:05 FAX ☑012

MC-025

SHORT TITLE: Gianti Hartanto and
Adelina Renato De Sousa

CASE NUMBER: GD047760

ATTACHMENT (Number): _____ 3 _____

(This Attachment may be used with any Judicial Council form.)

The court confirms the following assets and
debts as the sole and separate property or
sole responsibility of the Petitioner

DISCOVER SAVING ACCT # 2845

ONE WEST CHECKING ACCT #

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)

Page  1  of  1

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

EXHIBIT 3  -  29

01/01/2012 00:05 FAX                                                                    ☑013

| SHORT TITLE: | Case Number: |
| Gianti Hartanto and Adelino Renato De Sousa | GD047760 |

## OTHER MISCELLANEOUS ORDERS

1

2      19. The parties must execute any and all documents required to carry out this division.
Upon the failure of a party to execute and deliver all documents necessary to carry out the terms
3   of the judgment, the court, upon appropriate application, may appoint the Clerk of the Superior
Court as its Commissioner to execute documents specified by court order.  LASC Local Rule 3.0
4   (c).

5      20. //

6

7

8

9      21.//

10

11

12

13

14   Dated: ___3/29/2012___                    _____
                                                Gianti Hartanto
15                                              Petitioner

16   Dated: ___3-29-2012___                     _____
17                                              Adelino Renato De Sousa
                                                Respondent
18

19   Dated:___JUL 1 1 2012___                   **R. CARLTON SEAVER**
20                                              Judicial Officer

21

22

23

24

25                                                                                          5

26      Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
                                            Attachment
27

EXHIBIT 3  -  30

01/01/2012 00:05 FAX                                                                          ☒011

FL-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gianti Hartanto<br>6949 La Presa Dr.<br>San Gabriel, CA 91775<br>TELEPHONE NO.: (626) 802-0346    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Self-Represented | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 02 2012<br><br>John A. Clarke, Executive Officer/ Clerk<br><br>By_____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: NORTHEAST DISTRICT

PETITIONER: Gianti Hartanto

RESPONDENT: Adelino Renato De Sousa

| APPEARANCE, STIPULATIONS, AND WAIVERS | CASE NUMBER: GD047780 |
|---|---|

1. Appearance by respondent (you must choose one):

  a. ☐ By filing this form, I make a general appearance.

  b. ☒ I have previously made a general appearance.

  c. ☐ I am a member of the military services of the United States of America. I have completed and attached to this form
     Declaration and Conditional Waiver of Rights Under the Servicemembers Civil Relief Act of 2003 (form FL-130(A)).

2. Agreements, stipulations, and waivers (choose all that apply):

  a. ☒ The parties agree that this cause may be decided as an uncontested matter.

  b. ☒ The parties waive their rights to notice of trial, a statement of decision, a motion for new trial, and the right to appeal.

  c. ☒ This matter may be decided by a commissioner sitting as a temporary judge.

  d. ☒ The parties have a written agreement that will be submitted to the court, or a stipulation for judgment will be submitted to
     the court and attached to Judgment (Family Law) (form FL-180).

  e. ☒ None of these agreements or waivers will apply unless the court approves the stipulation for judgment or incorporates
     the written settlement agreement into the judgment.

  f. ☐ This is a parentage case, and both parties have signed an Advisement and Waiver of Rights Re: Establishment of Parental
     Relationship (form FL-235) or its equivalent.

3. Other (specify):

Date: 3/29/12

Gianti Hartanto
_____
(TYPE OR PRINT NAME)

Date: 3/29/12

Adelino Renato De Sousa
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PETITIONER)

▷ _____
(SIGNATURE OF RESPONDENT)

▷ _____
(SIGNATURE OF ATTORNEY FOR PETITIONER)

▷ _____
(SIGNATURE OF ATTORNEY FOR RESPONDENT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
FL-130 [Rev. January 1, 2011]

APPEARANCE, STIPULATIONS, AND WAIVERS
(Family Law—Uniform Parentage—Custody and Support)

Government Code, § 70573
www.courtinfo.ca.gov

petsstipjudgnortheast0312

EXHIBIT 3  -  31

01/01/2012 00:06 FAX                                                                    ☑ 015

ORIGINAL                                                          β

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Gianti Hartanto
6949 La Presa Dr.
San Gabriel, CA 91775

TELEPHONE NO.: (626) 802-0346        FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Self-Represented

| FOR COURT USE ONLY |
| --- |

FILED
Los Angeles Superior Court

JUL 10 2012

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: NORTHEAST DISTRICT

MARRIAGE OF
PETITIONER: Gianti Hartanto
RESPONDENT: Adelino Renato De Sousa

CASE NUMBER: GD047760

JUDGMENT

[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
  [ ] Status only
  [ ] Reserving jurisdiction over termination of
      marital or domestic partnership status
  [ ] Judgment on reserved issues
Date marital or domestic partnership status ends: JUL 10 2012

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested
   a. Date: JUL 10 2012    Dept.:            Room:
   b. Judicial officer *(name):* R. CARLTON SEAVER    [ ] Temporary judge
   c. [ ] Petitioner present in court    [ ] Attorney present in court *(name):*
   d. [ ] Respondent present in court    [ ] Attorney present in court *(name):*
   e. [ ] Claimant present in court *(name):*    [ ] Attorney present in court *(name):*
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* August 6, 2011 ✓
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
       status of single persons
       (1) [X] on *(specify date):* JUL 10 2012
       (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's    former name is restored to *(specify):*
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
       *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
       court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
       of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
       Child Support Order* (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

JUDGMENT
(Family Law)

Family Code, §§ 2024, 2340,
2343, 2346
www.courtinfo.ca.gov

petsstipjudgnortheast0312

EXHIBIT 3  -  32

01/01/2012 00:08 FAX                                                    @016

FL-180

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| Hartanto, Gianti Renato De Sousa, Adelino | GD047760 |

**4.** *(Cont'd.)*

i. ☐ A settlement agreement between the parties is attached.

j. ☑ A written stipulation for judgment between the parties is attached.

k. ☐ The children of this marriage or domestic partnership.

    (1) ☐ The children of this marriage or domestic partnership are:

        Name                     Birthdate

    (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

l. ☐ Child custody and visitation are ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    (4) ☐ other *(specify)*:

m. ☐ Child support is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

    (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    (4) ☐ other *(specify)*:

n. ☒ Spousal or partner support is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☒ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    (3) ☐ other *(specify)*:

**NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

o. ☒ Property division is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

    (3) ☒ other *(specify)*: Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division Attachment

p. ☐ Other *(specify)*:

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

5. Number of pages attached: ___ \| \|

JUDICIAL OFFICER

☒ SIGNATURE FOLLOWS LAST ATTACHMENT

---

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

---

FL-180 [Rev. January 1, 2007]

**JUDGMENT**
(Family Law)

Page 2 of 2

petsstipjudgnortheast0312

EXHIBIT 3   -   33

01/01/2012 00:06 FAX                                                    @017

| PETITIONER/PLAINTIFF: Gianti Hartanto | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Adelino Renato De Sousa | GD047760 |
| OTHER PARENT: | |

5. ☐ The parties must promptly inform each other of any change of employment, including the employer's name, address, and telephone number.

6. ☐ NOTICE: It is the goal of this state that each party must make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating support.

7. ☐ This order is for family support. Both parties must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this order. The parents must notify the court of any change of information submitted within 10 days of the change by filing an updated form. Form FL-192, *Notice of Rights and Responsibilities* and *Information Sheet on Changing a Child Support Order*, is attached.

8. ☐ The issue of spousal or partner support for the ☐ petitioner ☐ respondent is reserved for a later determination.

9. ☒ The court terminates jurisdiction over the issue of spousal or partner support for the ☒ petitioner ☒ respondent.

10. ☒ Other *(specify)*:
Both Parties are fully informed of their rights concerning Spousal Support and the fact that this is a long-term marriage. The parties request termination of the court's jurisdiction at this time without coercion or duress.

NOTICE: Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

*THIS IS A COURT ORDER*

FL-343 [Rev. January 1, 2005]     SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT     Page 1 of 2
                                              (Family Law)

petsstipjudgnortheast0312

EXHIBIT 3  -  34

01/01/2012 00:06 FAX                                                    ☒ 018

| SHORT TITLE:<br>Gianti Hartanto and Adelino Renato De Sousa | Case Number:<br>GD047760 |
|---|---|

### COMMUNITY PROPERTY DIVISION

1. □  1. There are no community property assets.

2. ☒  2. The following community property is awarded to Petitioner as his/her sole and separate
property and Petitioner is ordered to appear on behalf of, defend and hold Respondent harmless
from any debts thereon:

*6919 LA PRESA DRIVE SAN GABRIEL CA 91775;
APN: 5376-018-029, LEGAL DESCRIPTION AS SET
FORTH AT EXIBIT "A' and all encumbrances thereon.
Misc. HOUSEHOLD ITEMS, 2007 ACURA MDX LIC# 5YDA358,
2001 TOYOTA CAMRY LIC# 5MTV217. CHACE CHECK# 7673, CHASE
CHECK# 7466, continued on attachment A*

3. □  3. The following community property is awarded to Respondent as his/her sole and
separate property and Respondent is ordered to appear on behalf of, defend and hold Petitioner
harmless from any debts thereon:

*2005 HONDA ELEMENT LIC# 5MTV717
MET LIFE INSURANCE POLICY #5278 UM
Chase IRA Acct. #5813 transferred from J.P.
Morgan Acct. 3024;*

4. □ Petitioner    □ Respondent will be responsible for preparing and filing a Qualified
Domestic Relations Order (QDRO) to divide the following plan or retirement account(s):

5. □  5. The fee for preparation of the QDRO shall be shared as follows:

6. □  6. The court finds that the net value of the community estate is less than $5,000.00 and
that the Respondent cannot be found. Under Family Code Section 2604, the entire community
estate is awarded to the Petitioner.

7.  7. The court reserves jurisdiction to divide any community assets not listed here and
enforce the terms of this order.

Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
Attachment

1

EXHIBIT 3  -  35

01/01/2012 00:07 FAX                                                                    ☒019

| SHORT TITLE:<br>Gianti Hartanto and Adelino Renato De Sousa | Case Number:<br>GD047760 |
| --- | --- |

1          EQUALIZATION OF DIVISION OF PROPERTY AND DEBTS

2      ☒    14. The court finds that there is no equalization payment owing from one party to the
3      other for the equalization of the division of the community property assets and debts.

4      ☐    15. To equalize the division of the community property assets and debts the ☐ Petitioner
5      ☐ Respondent shall pay to the other party the sum of $_____ payable as follows:
6      //
7      //

8      //

9      //

10     //

11     //

12     //

13     //

14     //

15     //

16     //

17     //

18     //

19     //

20     //

21     //

22     //

23     //

24     //

25     //

26     //

Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
Attachment

3

EXHIBIT 3  -  36

01/01/2012 00:07 FAX                                                     ☒020

| SHORT TITLE: | Case Number: |
|---|---|
| Gianti Hartanto and Adelino Renato De Sousa | GD047760 |

## SEPARATE PROPERTY ASSETS AND DEBTS

1

2    ☐    16. There are no separate property assets and debts.

3    ☒    17. The court confirms the following assets and debts as the sole and separate property,
4    or sole responsibility, of the Petitioner:

5    PERSONAL ITEMS & JEWELRY ACQUIRED AS GIFT
     CHASE SAVING ACCT # 8352
     CHASE MUTUAL FUND ACCT #          5469
6    CHASE IRA ACCT #          04113
7    CHASE ROTH IRA ACCT # 4650 , continued on Attachmen B

8    ☒ All assets and debts acquired by Petitioner prior to the date of marriage, February 14, 1992 ,
     after date of separation, July 2. 2010 , by gift or by inheritance.

9

10   ☒ CHASE CARD ACCT # 9548
     CAPITAL ONE ACCT # 6926
11   //

12   ☒    18. The court confirms the following assets and debts as the sole and separate property,
     or sole responsibility, of the Respondent:

13   PERSONAL ITEMS & JEWELRY ACQUIRED AS GIFTS
14   2005 HONDA ELEMENT
     FREIGHT AWAY TRANSPORT, LLC
15   CAPITAL ONE CREDIT CARD ACCT #          -2022
     2007 FREIGHTLINER TRUCK VIN # 1FUJA6CV87PX54320

16

17   ☒ All assets and debts acquired by Respondent prior to the date of marriage, February 14, 1992 ,
     after date of separation, July 2, 2010 , by gift or by inheritance.

18

19        // //
     //
20   //

21   //

22   //

23   //

24   //

25   //                                                                      4

26   //        Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
                                        Attachment
27

EXHIBIT 3  -  37

01/01/2012 00:07 FAX                                                    @021
                                                                              4

### Exhibit "A"
### Legal Description

ALL THAT PARCEL OF LAND IN CITY OF SAN GABRIEL, LOS ANGELES COUNTY, STATE OF CALIFORNIA, AS MORE FULLY DESCRIBED IN DEED DOC # 2002-1563164, ID# 5376-018-029, BEING KNOWN AND DESIGNATED AS:

THAT PORTION OF LOT(S) 63 OF TRACT NO. 8785, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 118 PAGE(S) 64 AND 65 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, TOGETHER WITH THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 36, TOWNSHIP 1 NORTH RANGE 12 WEST SAN BERNARDINO BASE AND MERIDIAN INCLUDED WITHIN A STRIP OF LAND MARKED "RIGHT OF WAY 40 FEET"ON THE MAP OF SUBDIVISION NO. 3 OF THE SUNNY SLOPES ESTATE, RECORDED IN BOOK 55 PAGE 33 ET SEQ., OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTHERLY LINE OF THE SAID LAND MARKED "RIGHT OF WAY 40 FEET" BEING A CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 2,885.00 FEET, WITH THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 63; THENCE EASTERLY ALONG THE SAID NORTHERLY LINE, A DISTANCE OF 41 FEET MORE OR LESS TO THE SOUTHWESTERLY CORNER OF LOT 28, TRACT 9002 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 127 PAGES 58 AND 59 OF MAPS, RECORDS OF SAID COUNTY, THENCE SOUTHERLY ALONG THE SOUTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 28; A DISTANCE OF 20 FEET MORE OR LESS TO THE CENTER LINE OF SAID MARKED "RIGHT OF WAY 40 FEET" THENCE EASTERLY ALONG SAID CENTER LINE A DISTANCE OF 51 FEET, MORE OR LESS TO THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF SAID LOT 63; THENCE SOUTHERLY ALONG THE SAID LAST MENTIONED PROLONGATION AND ALONG THE SAID EASTERLY LINE, A DISTANCE OF 53 FEET THENCE WESTERLY PARALLEL WITH THE TANGENT PORTION OF THE SOUTHERLY LINE OF SAID LOT 63, A DISTANCE OF 92 FEET, MORE OR LESS TO THE SAID WESTERLY LINE OF LOT 63 THENCE NORTHERLY ALONG THE SAID WESTERLY LINE OF LOT 63 AND ITS PROLONGATION A DISTANCE OF 61 FEET MORE OR LESS TO THE POINT OF BEGINNING.

Tax ID: 5376-018-029

CA – Grant Deed (600001)                        Order No:

EXHIBIT 3  -  38

01/01/2012 00:07 FAX                                              ☐022

                                                                MC-025

SHORT TITLE:                              CASE NUMBER:
Gianti Hartanto and Adelino Renato De sousa      (BD) 04776

                    ATTACHMENT (Number): _____A._____
            This Attachment may be used with any Judicial Council form.

The court also confirms the following community property
assets be awarded to petitioner.

   LIFE INSURANCE:

   MET LIFE POLICY # 7801.UH


   RETIREMENT ACCT:

   401 K NATIONWIDE OPTION # B   CONTRACT # 01-6181604
   CHASE IRA ACCOUNT #        04113
   Chase Roth IRA Acct # 5765 (Transferred from J.P.
   Morgan Acct # 3020

   COLLEGE FUND 529 PLAN

   EDWARD D & JONES ACCT # 1414

    BLACK ROCK COLLEGE ADVANTAGE ACCT # 6338

 //
 //
 //
 //
 //
 //
 //
 //
 //
 //
 //
 //
 //

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this    Page __1__ of __1__
Attachment are made under penalty of perjury.)                                    (Add pages as required)
                                                                         www.courtinfo.ca.gov
Form Approved for Optional Use                   ATTACHMENT
Judicial Council of California
MC-025 (Rev. July 1, 2029)                     to Judicial Council Form

EXHIBIT 3  -  39

01/01/2012 00:08 FAX                                                                    ✒023

MC-025

| SHORT TITLE: Gianti Hartanto and Adelino Renato DeSousa | CASE NUMBER: GD047760 |
|---|---|

ATTACHMENT (Number): __13__

*(This Attachment may be used with any Judicial Council form.)*

The court confirms the following assets and
debts as the sole and separate property or
sole responsibility of the petitioner property or

DISCOVER SAVING ACCT # 1845

ONE WEST CHECKING ACCT #

//
//
//
//
'/
//
'/
/,
//.
'/
//
//
//
//
#
//
//

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

www.courtinfo.ca.gov

**ATTACHMENT**
to Judicial Council Form

EXHIBIT 3   -   40

01/01/2012 00:08 FAX                                                    ☑024

| SHORT TITLE: | Case Number: |
|---|---|
| Gianti Hartanto and Adelino Renato De Sousa | GD047760 |

1              OTHER MISCELLANEOUS ORDERS

2          19. The parties must execute any and all documents required to carry out this division.
Upon the failure of a party to execute and deliver all documents necessary to carry out the terms
3      of the judgment, the court, upon appropriate application, may appoint the Clerk of the Superior
Court as its Commissioner to execute documents specified by court order.  LASC Local Rule 3.0
4      (c).

5      ☐   20. //

6

7

8

9      ☐   21.//

10

11

12.

13
Dated: 3/29/2012

14                                    Gianti Hartanto
                                      Petitioner
15

16
Dated: 3-29-2012

17                                    Adelino Renato De Sousa
                                      Respondent
18

19
Dated:    JUL 1 0 2012

20                                    Judicial Officer

21                        R. CARLTON SEAVER

22

23

24

25                                                              S

26      Marriage of Gianti Hartanto and Adelino Renato De Sousa- Property Division
                                   Attachment

27

EXHIBIT 3  -  41

01/01/2012 00:08 FAX                                                                 @025

COPY

FL-190

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gianti Hartanto<br>6949 La Presa Dr.<br>San Gabriel, CA 91775<br>TELEPHONE NO.: (626) 802-0346      FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Self-Represented | **ORIGINAL FILED**<br><br>JUL 10 2012<br><br>LOS ANGELES<br>SUPERIOR COURT<br>NORTHEAST DISTRICT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: NORTHEAST DISTRICT

PETITIONER: Gianti Hartanto

RESPONDENT: Adelino Renato De Sousa

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER: GD047760 |
|---|---|

You are notified that the following judgment was entered on *(date)*:   JUL 10 2012

1. [X] Dissolution
2. [ ] Dissolution—status only
3. [ ] Dissolution—reserving jurisdiction over termination of marital status or domestic partnership
4. [ ] Legal separation
5. [ ] Nullity
6. [ ] Parent-child relationship
7. [ ] Judgment on reserved issues
8. [ ] Other *(specify)*:

Date: JUL 10 2012

Clerk, by _____, Deputy

—NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY—

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION
Effective date of termination of marital or domestic partnership status *(specify)*: ____
**WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.**

CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed

at *(place)*: PASADENA                 , California,  on *(date)*: ____

Date: ____

Clerk, by _____, Deputy

| Name and address of petitioner or petitioner's attorney | Name and address of respondent or respondent's attorney |
|---|---|
| Gianti Hartanto<br>6949 La Presa Dr.<br>San Gabriel, CA 91775 | Adelino Renato De Sousa<br>1232 E. 47th Street<br>Los Angeles, CA 90011 |

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-190 [Rev. January 1, 2005] | NOTICE OF ENTRY OF JUDGMENT<br>(Family Law—Uniform Parentage—Custody and Support) | Family Code, §§ 2338, 7636,7637<br>www.courtinfo.ca.gov |
|---|---|---|

petsstipjudgnortheast0312

EXHIBIT 3  -  42

# EXHIBIT 4



**This page is part of your document - DO NOT DISCARD**



## 20121415521



**Pages:**
**0013**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/20/12 AT 08:00AM**

| | |
|---|---|
| FEES: | 55.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 55.00 |



**L E A D S H E E T**



201209200110012

00006467157



004293022

**SEQ:**
**21**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E349271                                                                    t17

EXHIBIT 4  -  43

# CALCOUNTIES TITLE NATION



09/20/2012

*20121415521*

WHEN RECORDED, MAIL TO:
**PACIFIC BAY LENDING GROUP**
**1 CENTERPOINTE #330**
**LA PALMA, CALIFORNIA 90623**

This instrument was prepared by:
PACIFIC BAY LENDING GROUP
1 CENTERPOINTE #330
LA PALMA, CALIFORNIA **90623**
**714-367-5125**

Assessor's Identification Number:
**5376-018-029**

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

4122897          # DEED OF TRUST

MIN: **100705312080221018**
SIS Telephone #: **(888) 679-MERS**

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.
Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **September 4, 2012**, together with all Riders to this document.

**(B) "Borrower"** is **ADELINO RENATO A. DE SOUSA AND GIANTI HARTANTO, HUSBAND AND WIFE AS JOINT TENANTS.**
Borrower's address is **6949 LA PRESA DRIVE, SAN GABRIEL, CA 91775.** Borrower is the trustor under this Security Instrument.

**(C) "Lender"** is **PACIFIC BAY LENDING GROUP.** Lender is **CORPORATION**, organized and existing under the laws of
**CALIFORNIA.**
Lender's address is **1 CENTERPOINTE #330, LA PALMA, CALIFORNIA 90623.**

**(D) "Trustee"** is **CALCOUNTIES TITLE NATION COMPANY.**
Trustee's address is **790 E. COLORADO BLVD., 4TH FLOOR, PASADENA, LOS ANGELES** County, **CALIFORNIA 91101.**

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for
Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing
under the laws of **Delaware**, and has an address and telephone of **P.O. Box 2026, Flint, MI 48501-2026**, tel. **(888) 679-MERS.**

**(F) "Note"** means the promissory note signed by Borrower and dated **September 4, 2012.** The Note states that Borrower owes Lender
**TWO HUNDRED TWO THOUSAND AND NO/100** Dollars (U.S. **$202,000.00**) plus interest. Borrower has promised to pay this debt in
regular Periodic Payments and to pay the debt in full not later than **October 1, 2027.**

**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums
due under this Security Instrument, plus interest.

---

**CALIFORNIA**-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 1 of 11

Form 3005  1/01
Borrower(s) Initials

IDS, Inc.

EXHIBIT 4  -  44

3

**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check as applicable]:

☐ Adjustable Rate Rider          ☐ Condominium Rider                        ☐ Second Home Rider
☐ Balloon Rider                        ☐ Planned Unit Development Rider      ☐ VA Rider
☐ 1-4 Family Rider                    ☐ Biweekly Payment Rider
☐ Other [Specify]

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3.

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **LOS ANGELES**:

**SEE ATTACHED EXHIBIT "A"**

which currently has the address of  **6949 LA PRESA DRIVE**
                                                            **SAN GABRIEL AREA, CALIFORNIA 91775**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose

---

**CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS**                                    Form 3005  1/01
                                            Page 2 of 11

IDS, Inc                                                                                  Borrower(s) initials _____

EXHIBIT 4  -  45

and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been

CALIFORNIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 3 of 11

IDS, Inc.

Form 3005  1/01

Borrower(s) Initials

EXHIBIT 4  -  46

waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk,

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS                               Form 3005 1/01
Page 4 of 11
IDS, Inc                                                                      Borrower(s) Initials

EXHIBIT 4  -  47

hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material

---

representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request**

---

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS                                      Form 3005  1/01
Page 6 of 11

IDS, Inc.                                                                          Borrower(s) Initials

EXHIBIT 4  -  49

and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

---

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS
Page 7 of 11

IOS, Inc

Form 3005 1/01

Borrower(s) Initials _____

EXHIBIT 4  -  50

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

---

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS                Form 3005 1/01
                                    Page 8 of 11

IDS, Inc                                                                    Borrower(s) Initials

EXHIBIT 4  -  51

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above. A copy of any Notice of Default and any Notice of Sale will be sent only to the address contained in this recorded request. If the Borrower's address changes, a new request must be recorded.

EXHIBIT 4   -   53

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ Witness    _____ Witness

_____ (Seal)      _____ (Seal)
GIANTI HARTANTO                -Borrower     ADELINO RENATO A. DE SOUSA     -Borrower

State of CALIFORNIA
County of ___Los Angeles___                                    } ss.

On ___September 7th, 2012___ before me, ___Jasn Chen___ a notary public, personally appeared
GIANTI HARTANTO and ADELINO RENATO A. DE SOUSA, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

JASON CHEN
Commission # 1842260
Notary Public - California
Los Angeles County
My Comm. Expires Mar 27, 2013

Signature _____

13

ORDER NO. 4122897

**EXHIBIT A**

That portion of Lot(s) 63 of Tract No. 6785, in the County of Los Angeles, State of California, as per map recorded in Book 118 Page(s) 64 and 65 of Maps, in the office of the County Recorder of said County, together with that portion of the Southeast quarter of Section 36, Township 1 North Range 12 West San Bernardino Base and Meridian Included within a strip of land marked 'Right of Way 40 feet" on the map of Subdivision No. 3 of the Sunny Slopes Estate, recorded in Book 55 Page 33 et seq.. of Miscellaneous Records, in the office of the County Recorder of said County, described as a whole as follows:

Beginning at the intersection of the Northerly line of the said land marked "Right of way 40 feet" being a curve concave Southerly having a radius of 2,885.00 feet, with the Northerly prolongation of the Westerly line of said Lot 63; thence Easterly along the said Northerly line, a distance of 41 feet more or less to the Southwesterly corner of Lot 28, Tract 9002 in the County of Los Angeles, State of California, as per map recorded in Book 127 Pages 58 and 59 of Maps, Records of said County, thence Southerly along the Southerly prolongation of the Westerly line of said Lot 28; a distance of 20 feet more or less to the center line of said marked "Right of Way 40 feet" thence Easterly along said center line a distance of 51 feet, more or less to the Northerly prolongation of the Easterly line of said Lot 63; thence Southerly along the said last mentioned prolongation and along the said Easterly line, a distance of 53 feet thence Westerly parallel with the tangent portion of the Southerly line of said Lot 63, a distance of 92 feet, more or less to the said Westerly line of Lot 63 thence Northerly along the said Westerly line of Lot 63 and its prolongation a distance of 61 feet more or less to the point of beginning.

APN: 5376-018-029

EXHIBIT 4  -  55

# EXHIBIT 5



This page is part of your document - DO NOT DISCARD





## 20130911498

**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/19/13 AT 08:00AM

| | |
|---|---|
| FEES: | 32.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 32.00 |



**L E A D S H E E T**

201306190190008

00007887180

004943729

**SEQ:**
**05**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E501000

R27

EXHIBIT 5  -  56

**Title 365**

RECORDING REQUESTED BY:
Title365 Company

When Recorded Mail Document To:
Gianti Hartanto
6949 La Presa Dr
San Gabriel, CA 91775

Escrow No.: 340-1300655-KL
Title No.: 310-1307324-38

06/19/2013

*20130911498*

APN: 5376-018-029                    SPACE ABOVE THIS LINE FOR RECORDER'S USE

### GRANT DEED

The undersigned grantor(s) declare(s)

☒ computed on full value of property conveyed, or

☐ computed on full value less value of liens or encumbrances remaining at time of sale,

☐ Unincorporated area: in the City of San Gabriel

This is a bonafide gift and the Grantor received nothing in return, R&T 11911.
**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**
Adelino Renato A. De Sousa and Gianti Hartanto, husband and wife as joint tenants
**hereby GRANT(S) to**
Gianti Hartanto, an unmarried woman
**the following described real property:**
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

**ALSO KNOWN AS: 6949 LA PRESA DRIVE, SAN GABRIEL, CA 91775**

Dated: 06/12/2013

State of California
County of ___Los Angeles___
On __6-12-13__ before me,
__Linda Chen__, Notary Public,
personally appeared _Adelino Renato A. De Sousa_
_and Gianti Hartanto_
who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

Adelino Renato A. De Sousa

Gianti Hartanto

LINDA CHEN
COMM. #2022788
Notary Public - California
Los Angeles County
My Comm. Expires May 27, 2017

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
correct.
Witness my hand and official seal.

Signature_____ (Seal)

*Mail tax Statement to Same As Above*

EXHIBIT 5  -  57

3

## EXHIBIT "A"

THAT PORTION OF LOT(S) 63 OF TRACT NO. 8785, TN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 118 PAGE(S) 64 AND 65 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, TOGETHER WITH THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 36, TOWNSHIP 1 NORTH RANGE 12 WEST SAN BERNARDINO BASE AND MERIDIAN INCLUDED WITHIN A STRIP OF LAND MARKED "RIGHT OF WAY 40 FEET" ON THE MAP OF SUBDIVISION NO. 3 OF THE SUNNY SLOPES ESTATE, RECORDED IN BOOK 55 PAGE 33 ET SEQ., OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS;

BEGINNING AT THE INTERSECTION OF THE NORTHERLY LINE OF THE SAID LAND MARKED "RIGHT OF WAY 40 FEET" BEING A CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 2,885.00 FEET, WITH THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 63; THENCE EASTERLY ALONG THE SAID NORTHERLY LINE, A DISTANCE OF 41 FEET MORE OR LESS TO THE SOUTHWESTERLY CORNER OF LOT 28, TRACT 9002 IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 127 PAGES 58 AND 59 OF MAPS, RECORDS OF SAID COUNTY, THENCE SOUTHERLY ALONG THE SOUTHERLY PROLONGATION OF THE WESTERLY LINE OF SAID LOT 28; A DISTANCE OF 20 FEET MORE OR LESS TO THE CENTER LINE OF SAID MARKED "RIGHT OF WAY 40 FEET" THENCE EASTERLY ALONG SAID CENTER LINE A DISTANCE OF 51 FEET, MORE OR LESS TO THE NORTHERLY PROLONGATION OF THE EASTERLY LINE OF SAID LOT 63; THENCE SOUTHERLY ALONG THE SAID LAST MENTIONED PROLONGATION AND ALONG THE SAID EASTERLY LINE, A DISTANCE OF 53 FEET THENCE WESTERLY PARALLEL WITH THE TANGENT PORTION OF THE SOUTHERLY LINE OF SAID LOT 63, A DISTANCE OF 92 FEET, MORE OR LESS TO THE SAID WESTERLY LINE OF LOT 63 THENCE NORTHERLY ALONG THE SAID WESTERLY LINE OF LOT 63  AND ITS PROLONGATION A DISTANCE OF 61 FEET MORE OR LESS TO THE POINT OF BEGINNING.

APN: 5376-018-029

EXHIBIT 5   -   58

# EXHIBIT 6



**This page is part of your document - DO NOT DISCARD**



# 20140617013



**Pages:
0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/13/14 AT 08:00AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 986.70 |
| OTHER: | 0.00 |
| PAID: | 1,021.70 |



**L E A D S H E E T**



201406130180019

**00009291264**



006242154

**SEQ:
11**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

r27

E400070

EXHIBIT 6  -  59

*2*

RECORDING REQUESTED BY:
Title365 Company

AND WHEN RECORDED MAIL TO:

MR. AND MRS. BOWEN P. CHANG
6949 LA PRESA DRIVE
SAN GABRIEL, CA 91775



06/13/2014

*20140617013*

THIS SPACE FOR RECORDER'S USE ONLY

| Title Order No.: 310-1408020-35 | | Escrow No.: 20773-JC |
|---|---|---|

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $986.70**      (80)
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area    [ ] City of  **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**GIANTI HARTANTO, an Unmarried Woman**

hereby GRANT(s) to:
**BOWEN P. CHANG and JANE CHANG, Husband and Wife as Community Property with Right of Survivorship**

the real property in the  County of Los Angeles, State of California, described as:

**LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF**

**Also Known as:  6949 LA PRESA DRIVE, SAN GABRIEL AREA, CA 91775**
**AP#: 5376-018-029**

DATED June 10, 2014
STATE OF CALIFORNIA
COUNTY OF   Los Angeles
On  6/12/14
before me,        Y. Tabullo
A Notary Public personally appeared
**GIANTI HARTANTO**

*Gianti Hartanto*
**GIANTI HARTANTO**

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct
WITNESS my hand and official seal

Y. TABULLO
Commission # 1948585
Notary Public - California
Los Angeles County
My Comm. Expires Sep 14, 2015

Signature                                          (Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT 6  -  60

$3$

## EXHIBIT A
Legal Description

The land hereinafter referred to is situated in the Area of San Gabriel, County of Los Angeles, State of CA, and is described as follows:

That portion of Lot(s) 63 of Tract No. 8785, in the County of Los Angeles, State of California, as per map recorded in Book 118 Page(s) 64 and 65 of Maps, in the office of the County Recorder of said County, together with that portion of the Southeast quarter of Section 36, Township 1 North Range 12 West San Bernardino Base and Meridian included within a strip of land marked "Right of Way 40 feet" on the map of Subdivision No. 3 of the Sunny Slopes Estate, recorded in Book 55 Page 33 et seq., of Miscellaneous Records, in the office of the County Recorder of said County, described as a whole as follows:

Beginning at the intersection of the Northerly line of the said land marked "Right of way 40 feet" being a curve concave Southerly having a radius of 2,885.00 feet, with the Northerly prolongation of the Westerly line of said Lot 63; thence Easterly along the said Northerly line, a distance of 41 feet more or less to the Southwesterly corner of Lot 28, Tract 9002 in the County of Los Angeles, State of California, as per map recorded in Book 127 Pages 58 and 59 of Maps, Records of said County, thence Southerly along the Southerly prolongation of the Westerly line of said Lot 28; a distance of 20 feet more or less to the center line of said marked "Right of Way 40 feet" thence Easterly along said center line a distance of 51 feet, more or less to the Northerly prolongation of the Easterly line of said Lot 63; thence Southerly along the said last mentioned prolongation and along the said Easterly line, a distance of 53 feet thence Westerly parallel with the tangent portion of the Southerly line of said Lot 63, a distance of 92 feet, more or less to the said Westerly line of Lot 63 thence Northerly along the said Westerly line of Lot 63 and its prolongation a distance of 61 feet more or less to the point of beginning.

Except therefrom all oil, gas, minerals and other hydrocarbon substances  lying below a depth of 500 feet,  without the right of surface entry.

APN: 5376-018-029

EXHIBIT 6  -  61

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br><br>SAM S. LESLIE, Chapter 7 Trustee | **DEFENDANTS**<br><br>GIANTI HARTANTO |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Elissa D. Miller (CA Bar No. 120029)<br>    emiller@sulmeyerlaw.com<br>Jason D. Balitzer (CA Bar No. 244537)<br>    jbalitzer@sulmeyerlaw.com<br>**Sulmeyer**Kupetz, APC<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California  90071-1406<br>Telephone: 213.626.2311 / Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Avoidance and Recovery of Fraudulent Transfer (11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B), 550(a), 554(b) and Cal. Civ. C. § 3439.04(a) & (b), or 3439.05, 3439.07); Declaratory Relief**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 700,000 plus |

Other Relief Sought

American LegalNet, Inc.
www.FormsWorkflow.com

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ADELINO RENATO DE SOUSA | BANKRUPTCY CASE NO.<br>2:14-bk-16829-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Elissa D. Miller | |
| DATE<br><br>December 23, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Elissa D. Miller |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com